IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ZABRIEL L. EVANS,

                         **Plaintiff,**

      v.                                                CASE NO. 18-3193-SAC

DAN SCHNURR, et al.,

                         **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff Zabriel Evans, a prisoner at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Evans proceeds pro se and in forma pauperis.

Plaintiff alleges the defendants used excessive force against him during confinement at HCF. He claims that at approximately 12:00 a.m. on May 20, 2017, he was secured in his cell on the supermax unit masturbating. He had a sheet hung up to block the view to avoid offending anyone. A female correctional officer conducting a security round ordered Plaintiff to take down the sheet. Plaintiff complied but continued masturbating. About an hour later, Captain Steve Foster came to Plaintiff's cell and ordered him to pack up because he was going to a More Restricted Area (MRA) cell. Plaintiff repeatedly questioned Defendant Foster about whether he was being placed in an MRA cell as punishment, which Plaintiff asserted violated IMPP 20-105. Then, Defendant Foster drew a canister of oleoresin capsicum (pepper) spray and continuously sprayed Plaintiff in the face and upper body through the bars of the cell for about four minutes.

1

Plaintiff attempted to shield himself with his mattress, and Defendant Foster reached through the bars to try to push the mattress away while still spraying. Next, Defendant Foster turned off the power to the cells, making it pitch black. After about 30 minutes, Defendant Foster returned with a can of "vapor gas" and a five-man team of officers dressed in riot gear. Defendant Foster sprayed the vapor into Plaintiff's cell until Plaintiff was lying on the ground unable to breathe. At that point, the five officers entered Plaintiff's cell screaming "stop resisting" and began punching Plaintiff in the ribs and back of the head.

Plaintiff further alleges Defendant Foster retaliated against him after Plaintiff filed a grievance regarding the incident. He claims Defendant Foster again had Plaintiff placed in an MRA cell on July 31, 2017, after finding out about the grievance.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of KDOC to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)     The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2)     Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3)     Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the Complaint:

    a.     To ascertain the facts and circumstances;

    b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of the Hutchinson Correctional Facility to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 24th day of October, 2018.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**
