IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZABRIEL L. EVANS,

        Plaintiff,

v.                                             CASE NO. 18-3193-SAC

DAN SCHNURR, et al.,

        Defendants.

**O R D E R**

This matter is before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff (ECF No. 11). In his motion, Plaintiff alleges his complaint and exhibits in this case were destroyed after filing instead of being returned to him; he was denied access to a telephone to call an unretained attorney about this case; he was moved to a More Restricted Area cell "because of [his] complaints of this case" and all of his property and legal work was taken to the "front office"; a guard threatened to spray him with O.C. chemical agent while Plaintiff was "complaining about [his] legal work and property"; and he generally fears for his safety. Plaintiff asks the Court to "place a temporary restraining order on" Dan Schnurr (Warden of Hutchison Correctional Facility), Michael Nichels (Unit Team Manager), Jonathan Pettijohn (Unit Team), and FNU Rodriguez (CSI) of A Cellhouse.

A movant seeking a preliminary injunction must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that

1

the injunction is in the public interest." *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)). Because a preliminary injunction is an extraordinary remedy, *see GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir. 1984), the right to relief must be clear and unequivocal. *See Penn v. San Juan Hospital, Inc.,* 528 F.2d 1181, 1185 (10th Cir. 1975).

Plaintiff has not addressed any of the four factors, and the Court is unable to infer from the vague and conclusory allegations in his motion that he meets his heavy burden to establish those factors. Moreover, Plaintiff fails to specify exactly what relief he is requesting. As a result, Plaintiff's motion is denied. *See Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012); *Escobar v. Reid*, 348 F. App'x 387, 389 (10th Cir. 2009).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 11) is **denied**.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 9th day of January, 2019.**

                                                      **s/ Sam A. Crow**
                                                      **SAM A. CROW**
                                                      **U. S. Senior District Judge**